UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-22557-BLOOM/Elfenbein

FRANTZ JEANNITON

    Plaintiff,

v.

COSTCO WHOLESALE CORPORATION,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant Costco Wholesale Corporation's ("Costco") Motion to Dismiss, ECF No. [7]. Plaintiff Frantz Jeanniton ("Plaintiff") filed a Response, ECF No. [8], to which Costco filed a Reply, ECF No. [10]. The Court has reviewed the Motion, the record in the case, the supporting and opposing submissions, the applicable law, and is otherwise fully advised. For the reasons that follow, Costco's Motion is granted.

**I.   BACKGROUND**

This matter arises out of an employment dispute between Plaintiff and his former employer, Costco. Plaintiff is a Haitian male who was employed by Costco as a food court assistant beginning around October 28, 2022. ECF No. [1-2] at ¶¶ 12-13. During his employment, Plaintiff "always performed the essential functions of his job duties and responsibilities in an exemplary fashion and in satisfactory and above satisfactory levels." *Id.* at ¶ 26.  On April 4, 2024, at the end of his shift, Plaintiff "purchased a pizza to take home and had a receipt proving the purchase (half cheese/half pepperoni)." *Id.* at ¶ 14. Before leaving, however, Plaintiff believes "someone placed another pizza in the box" while Plaintiff stepped away in order to set him up. *Id.* at ¶ 15. Consequently, "Plaintiff was later accused of stealing the [additional] pizza." *Id.* The next day, "Plaintiff was called [in] by

the Manager and instructed to write down what had happened." *Id.* ¶ 16. After the questioning and without any further investigation, Plaintiff was given a document to sign, "immediately terminated," and informed by Costco that he had "a 90-day period to dispute the termination." *Id.* at ¶¶ 16-17. Plaintiff alleges the entire event "was a setup due to [Plaintiff] being more proficient at the job than non-Haitian employees," and because Plaintiff had "applied for a [s]upervisor position." *Id.* at ¶ 18.

Plaintiff further alleges that Costco "created an environment which encouraged and fostered a discriminatorily hostile work environment for Plaintiff due to [his] National Origin." *Id.* at ¶ 19. The discriminatory conduct was "ongoing, open, and notorious," and was "deeply embedded" in Costco's workplace. *Id.* at ¶ 20. Consequently, Costco's Haitian employees "were subjected to a stricter level of scrutiny than similarly situated white and/or different national origin co-workers." *Id.* at ¶ 21. Plaintiff was also "repeatedly reprimanded and disciplined for relatively minor mistakes" while "[t]he same behavior from similarly situated white and/or different national origin employees [was] largely ignored even when discovered." *Id.* at ¶ 22. And although Plaintiff was never the subject of such conduct, Costco employees repeatedly used "national origin slurs" while Plaintiff worked for Costco. *Id.* at ¶ 24.

During his employment, Plaintiff made "good faith complaints" regarding the "national origin discrimination and harassment" he experienced, and as a result, Costco "retaliated against [ ] Plaintiff by subjecting [him] to stricter scrutiny than co-workers, to demeaning and hostile treatment, to wholly unwarranted negative performance feedback, [and] to unwarranted discipline." *Id.* at ¶ 25.

Based on the alleged conduct, Plaintiff filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida against Costco asserting the

following three state law claims: Discrimination based on National Origin in Violation of the Florida Civil Rights Act ("FCRA") (Count I); Retaliation in Violation of the FCRA (Count II); and Hostile Work Environment in Violation of the FCRA (Count III). *Id.* Costco subsequently removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and now seeks to dismiss all three counts for failure to state a claim. *See* ECF No. [1], [7]. Plaintiff, however, contends he has alleged more than sufficient facts to overcome Costco's Motion to Dismiss. ECF No. [8].

## II.  LEGAL STANDARD

"On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils–Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, No. 09–495, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When a defendant moves to dismiss for failure to state a claim

3

upon which relief can be granted under Rule 12(b)(6), the court must accept the plaintiff's allegations as true and evaluate all possible inferences derived from those facts in favor of the plaintiff. *See Am. Marine Tech, Inc. v. World Grp. Yachting, Inc.*, 418 F. Supp. 3d 1075, 1079 (S.D. Fla. 2019). In considering a motion to dismiss, the court is limited to the facts contained in the complaint and attached exhibits. *See Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006).

### III.    DISCUSSION[1]

#### A. Discrimination based on National Origin in Violation of the FCRA (Count I)

Costco argues the facts alleged in the Complaint do not establish a basis for a discrimination claim based on national origin. Costco first focuses on the crux of Plaintiff's allegations—the "stolen pizza event." According to Costco, the Complaint establishes that Plaintiff was "terminated from Costco when he was caught by management trying to leave the Miami Lakes Warehouse with two pizzas in a pizza box . . . when he had only purchased one." ECF No. [7] at 5. While Plaintiff contends that he was likely set up by some unidentified other person, Costco contends there are no facts alleged that would permit a reasonable inference that his termination was motivated by discriminatory animus. *Id.* at 6.[2] While Plaintiff also alleges that he was subjected to stricter scrutiny and disciplined for minor mistakes compared to similarly situated non-Haitian employees, Costco argues that those conclusory allegations are insufficient because

---

[1] "Florida courts have held that decisions construing Title VII are applicable when considering claims under the Florida Civil Rights Act because the Florida act was patterned after Title VII." *Harper v. Blockbuster Ent. Corp.*, 139 F.3d 1385, 1387 (11th Cir. 1998); *see also Harris v. Public Health Trust of Miami-Dade County*, 82 F.4th 1296, 1300 n. 2 (11th Cir. 2023) ("Claims under Title VII and the FCRA are analyzed under the same framework."); *Alvarez v. Royal Atlantic Developers, Inc.*, 610 F.3d 1253, 1271 (11th Cir. 2010) (citing to the Eleventh Circuit's decision in *Albra v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007) for the proposition that "federal case law on Title VII is applicable to construe the FCRA."). Accordingly, the Court may rely on cases analyzing Title VII claims, not just those evaluating FCRA claims.

[2] Costco points out that Plaintiff does not allege that any similarly situated non-Haitian employees were terminated after being caught with unpaid food. ECF No. [7] at 6.

Plaintiff fails to provide any specific supporting facts, such as which individuals were scrutinized less than him, what discipline or reprimands he was subjected to that other non-Haitian employees were not, or facts establishing that other better-treated employees were, in fact, similarly situated. *Id.* at 6-7.

Plaintiff responds that he established his national origin discrimination claim because he "has pled that he is a Haitian male, . . . who was terminated under suspicious circumstances shortly after applying for a supervisor position and outperforming his peers." ECF No. [8] at 3. Not only does Plaintiff argue that he has adequately alleged that the "justification offered for his termination [was] pretextual," Plaintiff contends that he has established that Costco conducted "no meaningful investigation [ ] before adverse action was taken," further demonstrating that "his termination was the result of discriminatory animus and was motivated by his national origin." *Id.* at 3-4. Furthermore, Plaintiff argues that he has adequately alleged that "non-Haitian employees were treated more favorably, [were] not subjected to similar scrutiny, and [were] not terminated for similar alleged conduct." *Id.* at 3. According to Plaintiff, these allegations are "more than sufficient to state a plausible claim for national origin discrimination." *Id.*

"To establish an employment discrimination claim, [a] plaintiff must allege that an employer intentionally discriminated against h[im] based on a protected characteristic." *Su v. Broward Cnty. Fla.*, Case No. 0:23-CV-61385-CIV, 2024 WL 1236243, at *3 (S.D. Fla. Mar. 1, 2024) (citing *Walker v. NationsBank of Fla., N.A.*, 53 F.3d 1548, 1556 (11th Cir. 1995)). In situations, such as here, where there is no allegation of direct evidence of discrimination, a plaintiff "must show that (1) he is a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) he was either replaced by a person outside his protected class or treated less favorably than a similarly-situated individual outside his protected

class." *Maynard v. Bd. of Regents of Div. of Univ. of Fla. Dep't of Edu.*, 342 F.3d 1281, 1289 (11th Cir. 2003); *see also Patterson v. City of Melbourne*, 669 F. Supp. 3d 1204, 1220 (M.D. Fla. 2023) (outlining the same four elements for an FCRA discrimination claim). While a plaintiff needs only to allege a plausible discrimination claim at the motion to dismiss stage, not necessarily a prima facie case, the standard still "requires well-pled factual allegations that are more than 'merely consistent with a defendant's liability,' and raise 'more than a sheer possibility that a defendant has acted unlawfully.'" *Tedder v. Inch*, No. 3:19-CV-742-MMH-JRK, 2021 WL 778909, at *12 (M.D. Fla. Mar. 1, 2021) (quoting *Bowers v. Bd. of Regents of Univ. Sys. of Ga.*, 509 F. App'x 906, 910 (11th Cir. 2013)).

Here, Plaintiff's unadorned conclusory allegation that his termination was because of his national origin "epitomizes speculation and therefore does not amount to a short and plain statement of [his] claim under Rule 8(a)." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (rejecting plaintiffs' discrimination claims where the complaint alleged only that the plaintiffs were denied promotions and treated differently than similarly situated white employees solely because of race), *abrogated on other grounds by Twombly*, 550 U.S. 544; *Jordan v. Nienhuis*, 203 So. 3d 974, 976 (Fla. 5th DCA 2016) ("[G]eneral, vague and conclusory statements are insufficient to satisfy the requirement that a pleader allege a short and plain statement of the ultimate facts showing the pleader is entitled to relief."). Plaintiff's allegations fail to establish a basis for the Court to reasonably infer that his termination was pretextual and not based on the purportedly stolen pizza. *Cf. Butler v. Mercedes Bens U.S. Intern., Inc.*, No. 2:14–cv–1746–SLB., 2014 WL 7338950, at *4 (N.D. Ala. Dec. 23, 2014) (finding that simply receiving a negative performance evaluation did not suggest "defendant chose not to promote defendant for discriminatory reasons, much less state a claim for intentional discrimination."); *Ashford v.*

*Northside Hosp., Inc.*, No. 1:24-CV-00140-MHC-RGV, 2024 WL 5696573, at *7 (N.D. Ga. July 19, 2024), *report and recommendation adopted*, No. 1:24-CV-140-MHC-RGV, 2024 WL 5700125 (N.D. Ga. Aug. 15, 2024). ("In fact, 'a complaint that provides no . . . detail manifesting any form of racial animus, discriminatory words, prior incidents or other indications that [the plaintiff's] race played a role in [the employer's] decision to dismiss [him] is insufficient to satisfy the minimum pleading standards of Rule 8(a)(2).'") (quoting *Jacobs v. Biando*, No. 1:12-cv-4432-WSD, 2013 WL 3243625, at *7 (N.D. Ga. June 26, 2013)). Without any further factual support other than Plaintiff's own speculation as to the motive behind his termination, the Court cannot reasonably infer a discriminatory animus.

Moreover, while Plaintiff alleges that similarly situated non-Haitian employees were treated more favorably at Costco, Plaintiff fails to provide any factual allegations showing that other employees were, in fact, similarly situated or any instances in which those employees received more favorable treatment. In circumstances where there are no additional facts that would indicate discriminatory animus, courts in this circuit routinely dismiss such claims as too conclusory. *See id.* (dismissing discrimination claim where plaintiff failed to allege any facts "relating to any of the factors considered in determining whether [the plaintiff] ha[d] alleged a proper comparator."); *Aragat v. Sch. Bd. of Broward Cnty.*, 549 F. App'x 872, 873 (11th Cir. 2013) ("The district court properly determined that her allegations were too 'tenuous' and 'conclusory' to support her claims. [The plaintiff] generically referenced younger males, but nowhere in her complaint does she identify any valid comparators to undergird her disparate treatment claims. Her allegations, therefore, do not plausibly suggest intentional discrimination, and her disparate treatment claims fail as a result."); *Bartholomew v. Lowe's Home Centers, LLC*, No. 219CV695FTM38MRM, 2020 WL 321372, at *6 (M.D. Fla. Jan. 21, 2020) (finding insufficient

allegations of adequate comparator necessary to support discrimination claim); *Jones v. Unity Behav. Health, LLC*, No. 19-81341-CIV, 2020 WL 10575450, at *4 (S.D. Fla. May 28, 2020) ("[Plaintiff] offers nothing more than the conclusory statement that 'she was discriminated and treated differently than other similarly situated coworkers.'[ ] Although the failure to adequately identify a similarly situated comparator is not [necessarily] fatal at the motion to dismiss stage, the Amended Complaint is devoid of facts to even infer discrimination based on [the plaintiff's] race or national origin."), *report and recommendation adopted*, No. 9:19-CV-81341, 2020 WL 10575449 (S.D. Fla. June 26, 2020), *aff'd*, No. 20-14265, 2021 WL 5495578 (11th Cir. Nov. 23, 2021); *Johnson v. Sunshine Rest. Partners, LLC*, No. 09-21556-CIV, 2010 WL 11504502, at *2 (S.D. Fla. Mar. 8, 2010) (dismissing discrimination claim where the plaintiff failed to list any similarly situated employees or "describe[ ] the circumstances under which other employees were treated differently"). Accordingly, because Plaintiff has not adequately alleged sufficient facts to create an inference that Costco engaged in national origin discrimination, Count I of the Complaint is dismissed.

**B. Retaliation in Violation of the FCRA (Count II)**

Regarding the retaliation claim, Costco contends that Plaintiff once again offers nothing more than "bare-bones allegations." ECF No. [7] at 7. Costco asserts that in order to establish a retaliation claim, a plaintiff generally must demonstrate that "(1) he participated in [a] protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse employment action." *Id.* Costco argues that Plaintiff fails to satisfy the first element of his retaliation claim because, although Plaintiff alleges he filed complaints based on the harassment he experienced, Plaintiff failed to include any "allegations concerning the *specific contents* of any 'complaint' he claims he made, to permit a plausible

8

inference that such complaint was 'objectively reasonable[.]'" *Id.* (emphasis provided by Costco) (quoting *Tatt v. Atlanta, Gas Light Co.*, 138 F. App'x 145, 147 (11th Cir. 2005)).

Furthermore, Costco argues that "the Complaint is utterly devoid of allegations permitting an inference of causation." *Id.* at 8. Costco points out that Plaintiff fails to allege "when any supposed complaint was made" or "when any allegedly adverse action occurred, such that an inference of sufficient temporal proximity could be made." *Id.* Costco points out that the Complaint also fails to identify the decision maker of any adverse action and whether the decision maker was aware of any protected activity taken by Plaintiff prior to the adverse action.

Plaintiff responds that the Complaint "clearly alleges that [he] made good-faith complaints about discriminatory treatment in the workplace and that, shortly thereafter, he was subjected to heightened scrutiny, hostile treatment, unwarranted discipline, and ultimately termination." *Id.* at 4. Plaintiff contends no additional facts are required and, therefore, he "has sufficiently pled the elements of a retaliation claim." *Id.*

Under the FCRA, to establish a prima facie case of retaliation, a plaintiff "must show (1) that [they] engaged in a statutorily protected expression, (2) that [they] suffered an adverse employment action, and (3) that a causal link existed between the adverse action and [their] protected expression." *Matamoros v. Broward Sheriff's Off.*, 2 F.4th 1329, 1336 (11th Cir. 2021); *see Carter v. Health Mgmt. Assocs.*, 989 So. 2d 1258, 1263 (Fla. 2d DCA 2008); *Miami-Dade Cnt. V. Eghbal*, 54 So. 3d 525, 526 (Fla. 3d DCA 2011). Specifically, "[t]o establish a 'causal link' for purposes of the third element, a plaintiff need only demonstrate 'that the protected activity and the adverse action were not wholly unrelated.'" *Id.* To show that the employee engaged in a statutorily protected activity, "the employee must, at the very least, communicate her belief that discrimination is occurring to the employer." *Webb v. R & B Holding Co.*, 992 F. Supp. 1382, 1389 (S.D. Fla.

9

1998). Additionally, in order "to establish the causal connection element, the plaintiff must demonstrate that 'the decision maker was aware of the protected conduct at the time of the adverse employment action." *Willis v. Publix Super Markets, Inc.*, 619 F. App'x 960, 962 (11th Cir. 2015) (quoting *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000)); *Santana v. Telemundo Network Group LLC*, Case No: 6:20-cv-1157, 2021 WL 3418822, at *2 (M.D. Fla. Aug. 5, 2021) (requiring allegations of awareness by the decision maker at the motion to dismiss stage); *Woldeab v. DeKalb Cnty. Sch. Dist.*, Civ. Act. No. 1:16-cv-1030, 2018 WL 10510815, (N.D. Ga. Nov. 6, 2018) (same).

Plaintiff simply asserts in a conclusory fashion that "[a]s a result of [his] good faith complaints and opposition to national origin discrimination and harassment, [Costco] retaliated against [him] by subjecting [him] to stricter scrutiny than co-workers, [subjecting him] to demeaning hostile treatment, [providing him] wholly unwarranted negative performance feedback, [and subjecting him] to unwarranted discipline." ECF No. [1-2] at 8. As Costco correctly points out, Plaintiff fails to establish that anyone engaging in adverse actions against him was, in fact, aware that Plaintiff had engaged in the alleged protected activity. *See also Ellison v. City of Birmingham*, 180 F. Supp. 3d 1028, 1035 (N.D. Ala. 2016) ("To establish a causal connection, a plaintiff must show that 'the decision-makers were aware of the protected conduct'") (quoting *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 583 (11th Cir. 2000) *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)). Without allegations that a relevant decision maker at Costco had knowledge of his prior protected activity, Plaintiff fails to state a claim, as he has not plausibly established that the adverse actions were in retaliation for the protected activity. *See Green v. Ala. Dept. of Rev.*, 746 F. App'x 929, 932 (11th Cir. 2018) (affirming dismissal of retaliation claim in part because plaintiff offered "no specific facts"

establishing that the person who engaged in adverse action against the plaintiff was aware of plaintiff's engagement in protected activities); *Albu v. TBI Airport Mgmt.*, 1:15-cv-3120-WSD, 2016 WL 6246732, at *4 (N.D. Ga. Oct. 26, 2016) (dismissing a retaliation claim because the plaintiff failed to allege that any decision-maker was aware of his protected activity at the time of the adverse employment action); *Hayes v. Cmty. Action for Improvement*, No. 3:23-CV-00209-TCB-RGV, 2024 WL 5701784, at *4 (N.D. Ga. Jan. 18, 2024) ("Plaintiff's complaint does not provide any factual allegations that plausibly support finding that she was terminated in retaliation for engaging in protected activity since she has not identified any . . . adverse action [that] was taken by someone who was aware that she had engaged in any protected activity.").

Moreover, Plaintiff fails to establish any temporal proximity between his protected activity and the alleged adverse actions that would allow the Court to infer a causal connection. Plaintiff does not specify when the complaints or opposition were made, nor does he specify how soon after the retaliatory conduct took place. *See Green*, 746 F. App'x at 932 (finding no causal connection because the allegations failed to establish close temporal proximity between the protected activity and adverse action, and there were no other allegations plausibly establishing a causal connection).

Therefore, without any allegations regarding the timing of the events or allegations connecting the adverse actions to the protected activity, the Complaint insufficiently alleges a causal connection between the complaints and objections and Costco's alleged retaliatory conduct. Consequently, the retaliation claim is dismissed.

### C. Hostile Work Environment in Violation of the FCRA (Count III)

Costco argues that there are several deficiencies with Plaintiff's hostile work environment claim. First, Costco argues that Plaintiff alleges that he was harassed based on "his race, color and national origin," but fails to plead his race or color in the Complaint. Plaintiff merely asserts that he is a Haitian man and, therefore, he cannot establish a hostile work environment claim based on

11

his race or color.[3] Second, Costco argues that Plaintiff's national origin hostile work environment claim lacks any "specific factual allegations." *Id.* at 4. Although Plaintiff alleges he heard national origin slurs, was reprimanded and disciplined for minor mistakes, and subjected to stricter level of scrutiny than his peers, Costco argues that Plaintiff fails to "plead facts concerning any instance of scrutiny, reprimand, nor discipline—let alone any specific, non-conclusory facts demonstrating that such supposed matters were related to the protected traits at issue." *Id.* Even if these allegations were sufficient, Costco contends that Plaintiff has nevertheless failed to adequately allege that Costco is in any way liable for the purported conduct. Plaintiff merely alleges that Costco knew or should have known of the hostile work environment but fails to establish who at Costco should have known or how that employee should have known.

Plaintiff contends his hostile work environment allegations are adequate. Plaintiff claims that the "Complaint details an environment [at Costco] where individuals of Plaintiff's national origin were subjected to stricter scrutiny, disparate treatment, and an overall culture that tolerated and normalized national origin-based harassment." ECF No. [8] at 4. According to Plaintiff, the Complaint establishes that the conduct was ongoing and so severe that it prevented Plaintiff from being able to adequately perform his job. Plaintiff also contends that he has shown that "management was aware—or should have been aware—of the discriminatory environment and failed to take corrective action." *Id.* Plaintiff maintains these factual allegations "support the claim that [Costco] is liable either directly or vicariously for the hostile work environment that Plaintiff endured." *Id.*

---

[3] Costco notes that although Plaintiff mentions that he is a Hispanic Colombian at one point in the Complaint, that appears to be a drafting error. Considering the rest of the Plaintiff's Complaint and his Response, the Court agrees this appears to be a typographical error. Costco argues that Plaintiff's claims of hostile work environment based on race and color are still defective because Plaintiff failed to properly exhaust those claims prior to filing the instant action.

As a preliminary matter, the Court need not consider the merits of Plaintiff's potential race or color hostile work environment claims because Plaintiff failed to properly exhaust either claim by failing to include such allegations in his administrative complaint.[4] *see Buade v. Terra Grp., LLC*, 259 So. 3d 219, 222 (Fla. 3d DCA 2018) ("Before a plaintiff files a Title VII action, he or she must exhaust all administrative remedies by filing a charge of discrimination with the EEOC. In order to exhaust his or her administrative remedies, a plaintiff must include the factual bases for all of his or her Title VII claims in the charge. The Florida Civil Rights Act (FCRA) contains this same exhaustion requirement . . ..") (internal citations omitted); *Lambert v. Alabama Dep't of Youth Servs.*, 150 F. App'x 990, 993 (11th Cir. 2005) ("allegations of new acts of discrimination [not included in the EEOC complaint] are inappropriate."); *Baker v. Hafez Corp.,* Civil Action No. 13–00641, 2014 WL 1760976, at *5 n. 7 (S.D. Ala. May 2, 2014) (citing *Theodore v. City of Charlotte-Goins*, No. 3:12-CV-00809-GCM, 2013 WL 5934133, at *3 (W.D.N.C. Nov. 1, 2013) ("[A] claim in formal litigation will generally be barred if the EEOC charge alleges discrimination on one basis, such as race, and the formal litigation claim alleges discrimination on a separate basis, such as sex.")). Accordingly, the Court's analysis will focus on Plaintiff's national origin hostile work environment claim.

Under the FCRA, for a plaintiff to state a claim for hostile work environment, he must show:

> (1) he belongs to a protected group; (2) he has been subject to unwelcome harassment; (3) the harassment was based on a protected characteristic of the employee; (4) the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working

---

[4] Plaintiff does not refute Costco's argument that he failed to include allegations of hostile work environment based on color or race in his complaint filed with the EEOC. *See generally* ECF No. [8]. As such, Plaintiff has effectively abandoned any contention that he included such allegations in his EEOC complaint. *See Ramsey v. Bd. of Regents of Univ. Sys. of Georgia*, No. 1:11-CV-3862-JOF-JSA, 2013 WL 1222492, at *29 (N.D. Ga. Jan. 30, 2013) ("When a party fails to address a specific claim, or fails to respond to an argument made by the opposing party, the Court deems such claim or argument abandoned.").

13

>environment; and (5) the employer is responsible for such environment under either a theory of vicarious or of direct liability.

*Oviedo v. Bozzuto & Assocs.*, No. 21-21772-CIV, 2021 WL 5883139, at *2 (S.D. Fla. Dec. 13, 2021) (citing *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002)). "Hostile work environment claims do not address discrete, unpleasant acts. Rather, the cause of action is meant to remedy 'acts different in kind whose very nature involves repeated conduct' such as 'discriminatory intimidation, ridicule, and insult.'" *Brannon v. Sec'y, Dep't of Veterans Affs.*, No. 22-10838, 2023 WL 1161129, at *5 (11th Cir. Jan. 31, 2023) (quoting *McCann v. Tillman*, 526 F.3d 1370, 1378 (11th Cir. 2008)).

To evaluate the objective severity of the harassment, courts must look at the totality of the circumstances, including "(1) the frequency of the conduct, (2) the severity of the conduct, (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance, and (4) whether the conduct unreasonably interferes with the employee's job performance." *Mosley v. MeriStar Mgmt. Co., LLC*, 137 F. App'x 248, 252 (11th Cir. 2005).

Here, Plaintiff's only allegations of hostile work environment include vague and conclusory assertions that: (1) he was "repeatedly disciplined and reprimanded for relatively minor mistakes," (2) he was "subjected to stricter scrutiny" than non-Haitian employees, (3) he was subjected to "demeaning and hostile treatment," (4) he was subjected to "wholly unwarranted negative performance feedback, (5) and he was present when "national origin slurs were used." ECF No. [1-2] at ¶¶ 21-25. These assertions fail to provide any facts that would permit a plausible inference that Plaintiff was subjected to a hostile work environment because of his national origin. *See Johnson v. Sunshine Rest. Partners, LLC*, No. 09-21556-CIV, 2010 WL 11504502, at *2 (S.D. Fla. Mar. 8, 2010) (finding claim of hostile work environment insufficient where plaintiff "did not specify what or when discriminatory or derogatory remarks were directed at her, and she did not

allege any other facts showing an intent to discriminate"); *Carastro v. Alabama Dep't of Pub. Health*, No. 2:18-CV-800-ECM, 2019 WL 5680792, at *4 (M.D. Ala. Oct. 31, 2019) (concluding that allegations of unwarranted "lowered employment evaluation[s]," and vague allegations of "bullying, physical abuse, and verbal abuse," insufficient to establish hostile work environment claim); *Little v. CRSA*, No. 1:17CV126-CSC, 2017 WL 3431837, at *5 (M.D. Ala. Aug. 9, 2017) ("bald assertions" of harassing or hostile conduct "lacking in specificity" insufficient to establish hostile work environment claim), *aff'd*, 744 F. App'x 679 (11th Cir. 2018); *Hayes, v. Walmart*, Case No. 2:15–cv–648, 2016 WL 1522445, at *4 (M.D. Ala. Mar. 1, 2016) (finding hostile work allegations insufficient where the plaintiff merely alleged that one of defendant's employees "created a hostile work environment [by] making repeated and constant remarks to [plaintiff] concerning her job performance and other aspects of her life"). Consequently, Plaintiff's national origin hostile work environment claim is dismissed as well.[5]

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Costco's Motion to Dismiss, **ECF No. [7]**, is **GRANTED.**

2. The Complaint is **DISMISSED WITHOUT PREJUDICE**.

3. Plaintiff is permitted to file an Amended Complaint, consistent with this Order, no later than **October 6, 2025.**

---

[5] While the Complaint generally appears to only allege FCRA claims, in one line of the Complaint, Plaintiff spontaneously alleges that Costco "is liable under *Title VII* for such harassment and discrimination." ECF No. [1] at ¶ 23. To the extent that the allegation is not a typo and is intended to assert separate federal claims, any Title VII claim is also dismissed because the analysis for any Title VII discrimination, hostile work environment, or retaliation claim would be the same as the FCRA claims already analyzed in the Court's opinion. *See Eliassaint v. RTG Furniture Corp.*, 551 F. Supp. 3d 1293, 1302 (M.D. Fla. 2021) ("Because '[t]he FCRA is modeled after Title VII, and claims brought under it are analyzed under the same framework,' the 'FCRA claims do not need separate discussion, and their outcome is the same as the federal claims.'") (quoting *Fuller v. Edwin B. Stimpson Co.*, 598 F. App'x 652, 653 (11th Cir. 2015)).

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 22, 2025.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

cc:   counsel of record